FILED
JAMES BONINI
CLERK
2012 FEB -1 PM 2:46
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Plaintiff: Ted A. Poplawski

2:12 cv 105

vs.


JUDGE LARGUS

Defendant: Internal Revenue Service

MAGISTRATE JUDGE KEMP

## COMPLAINT

I. Plaintiff: Ted A. Poplawski
4836 Berryhill Court
Columbus, Ohio 43230
248-379-4443

vs.

Defendant: Commisioner of Internal Revenue Service
Attn: CC:PA:Br6/7
1111 Constitution Ave.
Washington D.C. 20224

II. Subject Matter Jurisdiction;

Title 28 U.S.C. S 1331(a)1

# Section III
# STATEMENT OF CLAIM

Claim 1. The Internal Revenue Service initiated a levy against Plaintiff's Social Security from Feb. 2010 to June, 2011 in violation of Title 42, Chapter 7, Subchapter II, Sec. 407, which prohibits levy on benefits. In so doing, the IRS also violated Title 26, Section 6330, 6331, 6212, and the corresponding regulations of these sections.

Claim 2. IRS agent Maureen Judge forced plaintiff's employer to withhold from plaintiff's wages in violation of Title 26, Section 3402, which states that any withholding agreement must be voluntary.

Claim 3. The IRS placed a tax lein on Plaintiff's property in violation of Title 26, Sections 6320, 6321, and the corresponding regulations of these sections.

Claim 4. The IRS has failed to provide verified proof of assessment of any tax debt as required by Title 15, Chapter 24, Sub.V, 1692, and Title 26 Section 6203, and the corresponding regulation, and in so doing may have violated Plaintiff's due process rights granted under the Fifth Amendment.

# Section IV

None Listed

# SECTION V
# RELIEF

Claim 1. Plaintiff seeks compensation in the amount of $203,536.00, in addition to written confirmation that his Soc. Sec. Benefits are not subject to levy.

Claim 2. Plaintiff seeks compensation in the amount of $ 22,436.00, in addition to a temporary injunction to stop the involuntary withholding against his wages currently in effect, due to the improper actions of the defendant.

Claim 3. Plaintiff seeks compensation in the amount of $ 39,834.00, in addition to immediate issuing of release of any tax leins currently in force.

Claim 4. Plaintiff seeks compensation in the amount of $ 130,000.00, or verified proof of assessment for tax years 1998 thru 2010, inclusive.

I state under penalty of perjury that the foregoing is true and correct.
Executed on this  1st  day of  FEBUARY , 2012.

Signature of Plaintiff _[signature]_